Jackson, C. J.
1. If a request to charge be not all proper, the court need not give any part of it in charge.
(a) If a city constructed a bridge in one of its streets of loose planks, or upon re-constructing it, the planks were left unfastened by its employes, notice to them is notice to the city.
(b) A request to charge that such defects must have been so open and notorious, and of such a character, and have existed for such a length of time that the city knew or might have known of them was too broad. Bellamy vs. City of Atlanta (present term). 1 Georgia Law Reporter, p 293.
2. The newly discovered evidence, with the depositions in answer ther-f.o, could not change the verdict.
3 Where it was shown that a bridge in a street, over which the plainnff was passing when injured, was in general and daily use by pedestri ins, though in the street, and not the sidewalk, it being the best crossing, especially in bad weather, there was no error in refusing to charg ■ that a pedestrian could not, for mere convenience or pleasure, deviate from the established line of the sidewalk and go upon a bridge or crossing designed for the street or roadway proper, there being no evidence that the plaintiff went upon it for pleasure, but only as other passers did.
(a) Besides, this ground is not certified.
4. A city is bound to keep its streets, sidewalks and bridges in a reasonably safe condition.
..E. A. Angier; J. T. Pendleton, for plaintiff in error.
Hoke & Burton Smith., for defendant.
•(a) Keeping, as so used, includes the .proper construction orreconstruction of a bridge, forming part of the street.
6. The evidence sustains the verdict.
(a) The cases in 70 Ga., 193 and 66 Id., 196, do. not conflict with the ruling in this case.
Judgment affirmed.